UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TERRILL HOWELL, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:15-CV-1138 (CEJ) |
| FOREST PHARMACEUTICALS, INC. and FOREST LABORATORIES, LLC, | ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiff's motion to remand this action to the Circuit Court of the County of St. Louis, Missouri. Defendants have responded in opposition, and the issues are fully briefed.

### I. Background

Plaintiff Terrill Howell brings this action against defendants Forest Pharmaceuticals, Inc. and Forest Laboratories, LLC. Forest Laboratories, LLC is the successor to Forest Laboratories, Inc., as a result of an acquisition by Actavis plc on July 1, 2014. Forest Pharmaceuticals, Inc. is a wholly-owned subsidiary of Forest Laboratories, LLC. Howell was employed by Forest Laboratories, Inc. from 1986 until January 30, 2014. His last position was senior vice-president of operations. After a proxy dispute and a series of corporate mergers, defendants terminated Howell's employment as part of a restructuring plan called "Project Rejuvenate."

On February 4, 2014, Howell signed a separation agreement and general release as part of his termination. This agreement provided for the payment of severance pay and severance benefits to Howell. However, based on an

employment agreement dated January 16, 1995, Howell asserts that he was entitled to a greater amount of compensation and benefits because he was discharged in connection with or anticipation of a "change of control," as defined in the agreement. According to Howell, the acquisition by Actavis plc of 20% or more of the outstanding shares of common stock of Forest Laboratories, Inc., constituted a change of control. Howell alleges that when he signed the release, the defendants did not tell him that they were engaged in discussions and activities to effect a sale of Forest Laboratories, Inc. As a result, Howell claims that he incurred damages in the form of lost pay, bonuses and benefits that were due to him pursuant to the 1995 employment agreement.

In the four-count complaint, plaintiff asserts state law claims of fraudulent concealment, negligent misrepresentation, breach of contract, and breach of the covenant of good faith and fair dealing against both defendants. Defendants removed the action to this Court on the basis of diversity jurisdiction. In the instant motion, plaintiff argues that remand is required because defendants failed to carry their burden of proving complete diversity of citizenship between the parties and because defendants failed to comply with the 30-day deadline for removal prescribed by law.

II.     **Legal Standard**

An action is removable to federal court if the claims originally could have been filed in federal court. 28 U.S.C. § 1441; In re Prempro Prods. Liab. Litig., 591 F.3d 613, 619 (8th Cir. 2010). Defendants bear the burden of establishing federal jurisdiction by a preponderance of the evidence. Altimore v. Mount Mercy Coll., 420 F.3d 763, 768 (8th Cir. 2005). A case must be remanded if, at any time, it

appears that the district court lacks subject matter jurisdiction.  § 1447(c); Fed. R. Civ. P. 12(h)(3).  Any doubts about the propriety of removal are resolved in favor of remand.  Wilkinson v. Shackelford, 478 F.3d 957, 963 (8th Cir. 2007).

### III. Discussion

Plaintiff initiated this action in the Circuit Court of St. Louis County on December 19, 2014.  Howell v. Forest Pharms., Inc., et al., Cause No. 14SL-CC04366 (Mo. Cir. Ct. Dec. 19, 2014).  On June 9, 2015, plaintiff filed a first amended petition, substituting successor entity Forest Laboratories, LLC as a defendant for Forest Laboratories, Inc.  On June 23, 2015, counsel for Forest Pharmaceuticals, Inc. and Forest Laboratories, Inc. accepted service of the first amended petition on behalf of Forest Laboratories, LLC.  On July 23, 2015, Forest Laboratories, LLC removed the case to this Court with the consent of Forest Pharmaceuticals, Inc. on the basis of diversity jurisdiction under 28 U.S.C. §§ 1332 and 1441.  Plaintiff argues that removal was untimely, because Forest Laboratories, LLC, as the real defendant in interest, was on notice of this action since its inception and was aware of plaintiff's mistake in suing its non-existent predecessor.  Forest Laboratories, LLC contends that removal of the action was timely because it was filed within thirty days of the date it received service of the amended petition.

Section 1446(b)(1) of Chapter 28 of the United States Code prescribes a thirty-day period for removing a civil action from state court to federal court.  The thirty-day window for removal begins with formal service of process on the removing defendant in accordance with state law.  Murphy Bros. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 347–48, 354 (1999).  Generally, a later-served defendant has a right of removal separate from that of an earlier-served defendant.

3

See 28 U.S.C. § 1446(b)(2)(B) ("Each defendant shall have 30 days after receipt by or service on that defendant of the initial pleading or summons . . . to file the notice of removal."); see also § 1446(b)(2)(C) ("If defendants are served at different times, and a later-served defendant files a notice of removal, any earlier-served defendant may consent to the removal even though that earlier-served defendant did not previously initiate or consent to removal.").

However, courts recognize an exception to this framework for a "'real party defendant in interest' or another closely affiliated 'intended defendant' that is mistakenly omitted from the initial complaint." HSBC Bank USA v. Mohanna, No. 15-CV-2130 (WHO), 2015 WL 4776236, at *4 (N.D. Cal. Aug. 13, 2015). In these circumstances, courts have held that the thirty-day period for the "real party defendant in interest" to remove begins as soon as it is "on notice" of the plaintiff's mistake. Id. (collecting cases); see La Russo v. St. George's Univ. Sch. of Med., 747 F.3d 90, 96 (2d Cir. 2014) ("The real party defendant in interest is not only entitled to remove, but, if it seeks removal, it must act promptly because the 30-day interval in which it is permitted to do so . . . begins when it is on notice that the wrong company defendant has been named.") (internal citations and quotations omitted); Lee v. Food Lion, LLC, No. 12-CV-142 (RGD), 2013 WL 588767, at *2–4 (E.D. Va. Feb. 13, 2013) ("[F]ederal courts have, time and again, rejected a corporation defendant's claim that its removal was timely because the original state court complaint named the wrong defendant (a nonentity) and the case was not removable until such time that the plaintiff amended the complaint to name the correct entity.") (internal quotations omitted); Ware v. Wyndham Worldwide Inc., No. 09-6420 (RBK), 2010 WL 2545168, at *4–5 (D.N.J. June 18, 2010) (identifying

4

"two requirements [that] must be satisfied to trigger the running of an intended but improperly named defendant's thirty-day removal window"—first, "the intended defendant must be formally served with process," and second, "the intended defendant must ascertain or be able to ascertain that it is indeed the intended defendant and that the plaintiff made a mistake in its complaint"); Brown v. New Jersey Mfrs. Ins. Grp., 322 F. Supp. 2d 947, 952–53 (M.D. Tenn. 2004) (finding removal untimely where plaintiffs named the wrong defendant in the initial complaint, but the record "strongly suggest[ed] that [d]efendant was on notice of [the] lawsuit from the very beginning"); Iulianelli v. Lionel, L.L.C., 183 F. Supp. 2d 962, 966 (E.D. Mich. 2002) (noting that "[i]n nearly every other case involving a misnamed defendant, or even the addition of a new defendant closely aligned with an existing one, the courts have declined to extend the initial 30-day period of removal").

As conceded by defendants, the facts in Iulianelli v. Lionel, L.L.C. are similar to the case at hand. 183 F. Supp. 2d 962 (E.D. Mich. 2002). In Iulianelli, the initial complaint named Lionel Trains, Inc., the company that had hired plaintiff, as the defendant. Id. at 965. Both the initial and amended complaints alleged a single breach of contract claim for termination of plaintiff's employment without just cause. Id. Unbeknownst to plaintiff, however, Lionel Trains, Inc. had substantially sold all of its assets to Lionel, L.L.C. and dissolved. Id. After the defendant filed a motion to dismiss, arguing that plaintiff had sued the wrong defendant, plaintiff filed an amended complaint, substituting Lionel, L.L.C. as the defendant. Id. at 963. Within thirty days after the amended complaint was filed, but ten months

after the initial complaint was filed, Lionel, L.L.C. removed the case to federal court. Id.

Upon plaintiff's motion, the district court remanded the case, reasoning that "[l]ong before this case was removed, and perhaps even at its inception, Defendant and its counsel were aware that Plaintiff had misidentified Lionel Trains as his employer, and that Lionel, L.L.C. was the proper party." Id. at 968. The court noted that the two entities were "not merely closely aligned, but one is the corporate successor to the other." Id. The court also noted that the agent for Lionel Trains, Inc. was an attorney at the law firm representing Lionel, L.L.C. in the federal action—"so that Plaintiff's service of the initial complaint upon the dissolved corporation arguably sufficed as service upon its successor." Id. Thus, the court stated, "the record not only suggests that Defendant was on notice of this litigation from its earliest days, but strongly indicates that Defendant had actual knowledge of *both* the initial complaint *and* Plaintiff's error in naming Lionel Trains as a party." Id. (emphasis in original).

After a review of the record, the Court finds that defendant's removal was likewise untimely. Here, as in Iulianelli, the amended complaint involved the substitution of a properly-named entity for an improperly-named defendant with the same claims as the original complaint, rather than the addition of a new defendant with new claims. In multiple documents filed by defendants in the state action, defendants noted that "Plaintiff has incorrectly named Forest Laboratories, Inc. as a Defendant. Forest Laboratories, Inc. no longer exists as an entity. Forest Laboratories, LLC is its successor entity." E.g., Defs.' Notice of Removal, Ex. C – Part 3 at 33 n.1, 35 n. 1, 52 n. 1, 56 n.1 [Doc. #1-6], Ex. C – Part 4 at 2 n.1, 6

6

n.1, 10 n.1 [Doc. #1-7]; see also id. at 2 ("At the time Plaintiff filed his Petition, Forest Laboratories, Inc. was not an existing entity.") [Doc. #1]. Plaintiff attempted to determine whether he needed to substitute defendants early on in the litigation, but received no response from defendants. Pl.'s Ex. 15 [Doc. #21-1]. Forest Laboratories, Inc. and Forest Laboratories, LLC are not only closely related, but one is the corporate successor to the other. Indeed, both share the same counsel and place of business. Thus, the record indicates that Forest Laboratories, LLC was not only on notice of the litigation from its onset, but also had actual knowledge of the initial complaint and plaintiff's error in naming Forest Laboratories, Inc. as a party. Despite this knowledge, Forest Laboratories, LLC waited more than six months—until after the state court had denied defendants' motion to enforce a forum selection clause and dismiss for improper venue—to remove the action to federal court.

The consideration of "fairness to later-served defendants" for the codification of the later-served defendant rule in § 1446(b)(2)(B) does not arise under these circumstances. See Brown, 322 F. Supp. 2d at 952 ("Permitting the Defendant to delay removing the case for such a long period would contravene the 30 day rule's purpose of preventing parties from adopting a 'wait and see' approach in state court before removing."). Instead, the Court finds that the statutory 30-day period of removal for these defendants expired long before service of the amended complaint. Plaintiff's error in naming the defendant in the original complaint as Forest Laboratories, Inc. instead of Forest Laboratories, LLC "provides no relief from the operation of § 1446(b)(1)." Lee, 2013 WL 588787, at *4. As such, defendant's removal was untimely and the case will be remanded to state court.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to remand [Doc. #11] is **granted.**

**IT IS FURTHER ORDERED** that the Clerk of the Court shall remand this action to the Twenty-First Judicial Circuit Court of Missouri (County of St. Louis), from which it was removed.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 21st day of September, 2015.